### WHITEHURST et al. v. D. M. FERRY & CO.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1921.)

No. 5650.

1. **Agriculture ⊜⇒16—Label on seed must state month and year of testing.**
Under Laws Okl. 1919, c. 138, § 4, a label on a container of seeds offered for sale must positively state the month and year that the seed was tested.

2. **Agriculture ⊜⇒16—Label on seed must use word "germination" and not word "viable."**
Although the word "viable" as used in a label on a container of seed has the same meaning as the word "germination" as used in Laws Okl. 1919, c. 138, § 4, the statute requires the use of the word "germination."

3. **Agriculture ⊜⇒16—Label on container of seeds must give approximate germination and not less.**
Under Laws Okl. 1919, c. 138, § 4, label on containers of garden seed must state the approximate germination, and a seller of seed violates such statute by labeling it either 1 per cent. or 10 per cent. germination when in fact the germination is 80 per cent. or 90 per cent.

Appeal from the District Court of the United States for the Western District of Oklahoma; John C. Pollock, Judge.

Suit for injunction by D. M. Ferry & Co. against John A. Whitehurst and others, officers charged with enforcement of laws relating to sale of garden seeds. Decree for plaintiff, and defendants appeal. Reversed and remanded.

S. P. Freeling, of Oklahoma City, Okl. (C. W. King, of Oklahoma City, Okl., on the brief), for appellants.

Rockwell T. Gust, of Detroit, Mich. (Thomas G. Long, of Detroit, Mich., Stuart, Sharp & Cruce, of Oklahoma City, Okl., and Stevenson, Carpenter, Butzel & Backus, of Detroit, Mich., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Section 4, c. 138, Session Laws of Oklahoma 1919, provides as follows:

"Section 4. Every lot of beans, lettuce, radish, cabbage, watermelon, cantaloupe, and other garden and truck seeds, which are sold, offered or exposed for sale, when in bulk, package or other container, shall have affixed thereto,

in a conspicuous place on the exterior of the container of such seed a plainly written or printed, in not less than 18-point type, tag or label in the English language, stating:

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"(d) Approximate percentage of germination of such garden and truck seed together with the month and year said seed was tested."

[1-3] Appellee is a corporation of the state of Michigan, engaged in the business of selling truck and garden seeds to merchants in the state of Oklahoma, and throughout the United States. Appellants are officers and employees of the state of Oklahoma charged with the duty of enforcing the law above mentioned. Appellee, claiming to have complied with said law, caused a stamp to be affixed to packages of truck and garden seeds sold by it and in the possession of merchants in Oklahoma, which read as follows: "One per cent. viable, tested since July 1, 1919, 99½% pure." Appellants, deeming this tag or label a violation of the law, took measures to prevent the sale of the truck and garden seeds so labeled. Whereupon appellee brought this suit to restrain appellants from interfering with the sale thereof. The trial court granted a perpetual injunction against appellants upon the condition that appellee should tag or label its truck and garden seeds as follows: "Germination, 10%. Tested July, 1919, or any other specific month as the fact may be, 99½% Pure." Appellee accepted the condition, and a decree was entered in its favor, from which appellants have appealed. The only point presented by the appeal is as to whether the word "approximate" in subdivision (d) above mentioned allows the appellee to specify 1 per cent. or 10 per cent. as the approximate percentage of germination. The trial court was correct in so far as it ruled that the month and year must be positively stated in the tag or label, and that the tag or label used by appellee was in this respect not in conformity to the requirements of the statute, but we think it erred when it decided that the statement of "germination 10 per cent." was a compliance with the statute in so far as it requires the approximate percentage of germination to be stated. In this connection we may say that the word "viable," used in the label of appellee, has the same meaning as the word "germination," used in the statute, but manifestly would not so plainly convey the information intended to the ordinary purchaser as the word "germination," and as the statute uses the latter word, the tag or label must also use it. There is evidence in the record showing that appellee claimed its seed would run 80 or 90 per cent. as to germination, but that it would not label its seed with any statement that implied a guaranty as to germination. This is the real reason back of appellee's refusal to label its seed as the law requires. It does not want to guarantee its seed as to germination. The law does not require any such guaranty, and therefore uses the word "approximate" or in effect a reasonable margin above or below the actual test percentage of germination. In addition to the admission of appellee as to the actual percentage of germination of its seed, we are of the opinion that we may judicially know that a percentage as low as 1 per cent. or 10 per cent. is not the approximate percentage of germination of appellee's seed. No dealer would offer seed for sale with such a low percentage of germination if he expected the purchaser to rely upon the

statement. Counsel for appellee contend that it may place any per-
centage of germination it chooses upon its label, for the reason that
the law does not fix a minimum, and therefore it is just as lawful to
label seed 1 per cent. or 10 per cent. germination as 80 or 90 per cent.,
but we are of the opinion that this position of counsel entirely over-
looks the requirement of the law that the percentage stated must be
approximately or very nearly the true percentage, and that 1 per cent.
or 10 per cent. is manifestly not an approximation of such true percent-
age. Counsel further insists that the only lawful purpose sought to
be accomplished by the law, or which it could seek to accomplish, is
the protection, under the police power of the state, of its citizens from
fraud and imposition by making the seller of seeds conform to the re-
quirement that he should state some percentage of germination, and,
further, that he should not knowingly overstate such percentage. We
can agree with counsel upon this view, except that the law only re-
quires a statement of some percentage of germination. The law does
not say "some percentage"; it says "approximate percentage," and the
word "approximate" as used in the statute means "very nearly." We
therefore are of the opinion that the label which states a percentage
of 1 per cent. or 10 per cent. of germination is not according to the
requirement of the statute, for the reason that the percentage is so low
as to show upon its face that it is not a true approximation. In this
situation counsel for appellee argue that the buyer of truck and garden
seed can in no way be injured, but must be benefited if he receives
seeds of a higher percentage of germination than indicated by the stamp
or label. This argument, however, assumes that appellee or any dealer
in truck and garden seeds may place upon the tag or label any percent-
age of germination as long as the percentage does not in fact exceed the
actual percentage of germination of the truck and garden seeds offered
for sale. This is not our understanding of the law. In support of
counsel's contention the case of City of Chicago v. Schweinfurth, 174
Ill. App. 64, is cited. In this case the ordinance of the city of Chicago
defined a standard loaf of bread, and provided that bread sold or offered
for sale should be labeled as to its weight in pounds or fractions, and
imposed a fine if such bread did not weigh as much as the amount
marked thereon. It was decided in this case that the ordinance was not
violated where loaves were labeled as weighing three-fourths of a pound
when they in fact exceeded that weight. We do not see how this case
has any bearing on the decision of the question now before us. We are
not dealing with such a law. The Legislature of the state of Oklahoma
in the exercise of the police power of the state was of the opinion that
a regulation, requiring the approximate percentage of germination to
be stated, whether that approximation was above or below the actual
percentage, would prevent fraud and imposition upon the buyer. The
Legislature was not making the law for the appellee alone, but for all
persons who might engage in the seed business; and, while the seeds
of appellee have gained a reputation through a period of upwards of
60 years that causes them to be purchased regardless of label, this might
not be so of other dealers, and purchasers, not knowing the character of
the seeds offered for sale by such other dealers, might have to depend

altogether upon the label. The stamp formulated by appellee or the one formulated by the trial court did not comply with the law. The bill of complaint complained only of the construction placed upon section 4 (d) by appellants. As that construction is not shown to have been wrong, the decree below is reversed, and the cause remanded, with directions to dismiss the bill.

The judges who heard this case all concurred in the decision thereof, but Judge HOOK deceased before the opinion was prepared.